FILED BY _____ D.C.

JUN - 1 2016

STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD.

UNITED STATES DISTRICT COURT

Southern District of Florida

| | |
|---|---|
| In Re: Paula Jo Kunsman, Debtor | Case 16-60355 JIC |
| v. | Case 15-18660 RBR |
| Joel Wall, Creditor | Chapter 13 |
| Last 4 digits of SSN: 2120 | |

APPELLANT REQUESTS THAT APPELLATE COURT VACATE DISMISSAL (February 18, 2016) OF APPELLATE CASE 16-60163 FOR GOOD CAUSE as Motion for Leave to Appeal has not been granted (Local Rule 8004-1). This Appeal is now EFFECTIVE BASED ON page 2 and 3 of Doc 11. Order states "However, pursuant to Bankruptcy Rule 8002(b)(2),Appellant's Notice of Appeal does not become effective until the Bankruptcy Court disposes of the pending Motion to Vacate. Thus, Appellant's Notice of Appeal did not divest the Bankruptcy COURT OF IT JURISDICTION TO DECIDE THE MOTION TO VACATE. Rather, the pending Motion to Vacate rendered ineffective the Notice of Appeal. Bankruptcy Rule 8002(b)(2) states that "If a party filed a Notice of Appeal after the court announces or enters a judgment, order, or decree-but before it disposes of any motion listed in subdivision (b)(1)-the Notice becomes effective when the order disposing of the last such remaining motion is entered." Bankruptcy R. 8002(b)(2). See also Williams v. Bolger. 633 F.2d 410 (5th Cir. 1980) holding that a notice of appeal filed during the pendency of a similar motion under the Federal Rules of Civil Procedure is a jurisdictional "Nullity". "A Motion which is not specifically listed in Feb. Rul Bankr. P 8002 (b) may nevertheless operate to stay the time for filing the Notice of Appeal if the Motion in substance seeks relief of the same type specified in the Rule." 9 A. Jur. 2d.Bankruptyc 3814. See also in re Lee, Case No. 2:12-cv-10-FtM-29, 2012 WL4512931, at *5-6 (M.D. Fla. Sept 31, 2012) (finding a motion to vacate default judgement to qualify) to stay time for filing Notice of Appeal. ACCORDINGLY, THE COURT CONCLUDES

THAT APPELLANT'S MOTION TO VACATE DISMISSAL OF APPEAL (B.DE183) CONSTITUTES A PENDING MOTION LISTED IN BANKRUPTCY RULE 8002(b)(1). THE COURT THEREFORE...APPELLANT'S NOTICE OF APPEAL WILL BECOME EFFECTIVE UPON THE DISPOSITION OF HER PENDING MOTION TO VACATE (B.DE 183)."

APPELLANT REQUESTS THAT APPELLATE COURT Vacate the Dismissal of the Appeal 16-60163. Bankruptcy court did not hear the pending motions from Jan 12,to Jan 27 filed before Appeal 16-60163. Bankruptcy court did not hear Motion to VACATE THE DISMISSAL OF APPELLATE CASE 16-0163 filed on February 19, 2016. Bankruptcy court has denied all Motions that all 3 APPELLATE COURT JUDGES DIRECTED BANKRUPTCY COURT TO "HOLD FURTHER PROCEEDINGS CONSISTENT WITH THIS ORDER" page 3 Doc 11. The APPELLANT DID NOT PAY THE APPELLATE FILING FEE WITHIN 7days because the hearing on Motion For Permission to Proceed to Appeal in Forma Pauperis to determine if the appellate filing fee would be waived was scheduled on February 11, 2016,15 days after the Notice of Appeal Jan 27, 2016. The bankruptcy court should have scheduled a special set hearing within the 14 days. Appellant filed Motion not to proceed to appeal 16-60163 unless the Appellate filing fee would be waived. The Debtor did not even receive the Order GRANTING PERMISSION TO PROCEED TO APPEAL IN FORMA PAUPERIS until February 18, 2016.

Appellant is requesting that Dismissal of Appellate Case 16-60163 be vacated for the following reasons: "Rule 8004. Appeal by Leave-How Taken; Docketing the Appeal(d) Failure to File a Motion With a Notice of Appeal. If an appellant timely files a notice of appeal under this rule but does not include a motion for leave, the district court or BAP may order the appellant to file a motion for leave, or treat the notice of appeal as a motion for leave and either grant or deny it. If the court orders that a motion for leave be filed, the appellant must do so within 14 days after the order is entered, unless the order provides otherwise. <u>The designation and statement of Issues should not be filed</u>

<u>with clerk of bankruptcy court as required under Bankruptcy Rule 8009 until an order by District Court granting Leave to Appeal.</u>"Rule 8004 would have EXTENDED TIME TO FILE DESIGNATION of items for the Record as the Leave for Appeal had not been granted by the Bankruptcy court within the 14 days. "Rule 8009. Record on Appeal; Sealed Documents.(a) Designating the Record on Appeal; Statement of the Issues.

(1) *Appellant.* (A) The appellant must file with the bankruptcy clerk and serve on the appellee a designation of the items to be included in the record on appeal and a statement of the issues to be presented.

(B) The appellant must file and serve the designation and statement <u>within 14 days after: (i) the appellant's notice of appeal as of right becomes effective under Rule 8002; or (ii) an order granting leave to appeal is entered.</u>"

1. Debtor filed the Notice of Appeal 16-60163 on January 27, 2016. The Appeal was not accompanied by Motion for Leave To Appeal.
2. A Motion for Permission to Proceed in Forma Pauperis accompanied by Affidavit was filed with the Notice of Appeal, but had to be heard by Bankruptcy Judge. Appellant was waiting for an order on her Motion to Proceed to APPEAL in Forma Pauperis at scheduled hearing 15 days after Notice of Appeal. Rule states (A) Filing Fee Must Accompany Motion. DEBTOR WOULD HAVE HAD TO FILE DESIGNATION BEFORE the scheduled hearing without knowing if the APPEAL WAS GOING TO PROCEED IN FORMA PAUPERIS.
3. Appellant did not receive copy of Local Rule 87.4 when Clerk's Certificate of Mailing of Notice of Appeal was filed on Jan 29, 2016. Local Rule 87.4 states "(J) Notice. The CLERK OF THE BANKRUPTCY COURT IS DIRECTED TO ENCLOSE A COPY OF THIS LOCAL RULE WITH THE NOTICE OF APPEAL PROVIDED TO EACH PARTY IN ACCORDANCE

WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 8003 (c ) (1). Failure to receive such a copy will not excuse compliance with all provisions of this Local Rule."

4. Rule 9029 Local Bankruptcy Rules; Procedure When There is No Controlling Law states (2) <u>A local rule imposing a requirement of form shall not be enforced in a manner that causes a party to lose rights because of a nonwillful failure to comply with the requirement.</u> Debtor believes that 18th Amended plan is confirmable & if adversary proceeding determines that she owes more support related debt, she will modify the plan to pay to liquidation test. This bankruptcy core adversary proceeding will to determine dischargeability.

5. If a court can fashion "some form of meaningful relief," even if it only partially redresses the grievances of the prevailing party, an appeal is not moot. *Church of Scientology v. United States*, 113 S. Ct. 447, 450 (1992); *In re Seidler*, 44 F.3d 945 (11th Cir. 1995) (appeal not moot if court can fashion "effective" relief).

6. Because the Appellant did not want to proceed with the Appeal unless the Motion for Permission to Proceed in Forma Pauperis was granted, Appellant waited to attend the scheduled hearing on February 11, 2016. This hearing was 15 days after Appellant filed Notice of Appeal. Appellant did not file the Motion for Leave to Appeal as clerk did not require it with Notice of Appeal. Appellant filed her Designation of items to include in the record as soon as possible after the February 11, 2016 hearing as Monday February 15, 2016 was a holiday.

7. Appellant filed Designation on February 17, 2016 even though Appellant was not sure if Judge had granted Motion for Permission to Proceed in Forma Pauperis on February 11, 2016. Appellant received Order granting it on February 18, 2016.

8. Rules states (B) Appellate Docketing Fee Payment Deadline. Within seven days from the entry of the district court order GRANTING A MOTION FOR LEAVE TO APPEAL, the appellant shall pay the prescribed appellate docketing fee to the clerk of the

bankruptcy court. Appellant does not know if waiving Appeal filing fee also includes docketing fee because Appellant stated in her Motion for Permission to Proceed in Forma Pauperis that she requested that cost of record be waived also. Since Motion was granted, Debtor should not have to pay for cost of record or docketing fee.

9. Debtor mailed on February 18, 2016 to District Court a Motion not to proceed unless Permission to Proceed in Forma Pauperis was GRANTED. Appellant a Motion stating that Appellant did not want to proceed with Appeal because she could not afford the filing fee. If the filing fee was waived, Appellant could proceed with the Appeal.

10. At 5pm on February 18, 2016 Appellant received in the mail the order GRANTING her Motion for Permission to Proceed in Forma Pauperis.

11. CLERKS INSTRUCTIONS FOR APPEALS #5 states The Designation and statement of issues <u>SHOULD NOT BE FILED with the clerk of the bankruptcy court as required under Bankruptcy Rule 8009 until entry of an order by the District court granting Leave to Appeal (Rule 8004-1).</u>

12. Appellant filed Motion to Stay and Motion for Leave to Appeal. Appellant is waiting for granting of Motion for Leave to Appeal #16-60355 and #16-160163 if Appellate Judge grants Motion to Vacate dismissal of case 16-60163.

Debtor is requesting APPELLATE COURT enter an order granting relief Rule 60(b). Federal Rule of Civil Procedure 60(b) GROUNDS FOR RELIEF FROM A FINAL JUDGMENT, ORDER, OR PROCEEDING. On motion and just terms, the court may relieve a party from a final judgment, order, or proceeding for the following reasons: (1) inadvertence or excusable neglect (Debtor filed 15th Amended plan by 5pm on January 15, 2016); (6) any other reason that justifies relief. (d) OTHER POWERS TO GRANT RELIEF. This rule does not limit a court's power to: (1) entertain an independent action to relieve a party from an order.

Debtor requests DISTRICT COURT ORDER bankruptcy court to review her Chapter 13 plan and REINSTATE CASE. This <u>property settlement debt is dischargeable</u> in Chapter 13 bankruptcy. See Bankruptcy case 12-1130-LMI Doc 37 3/4/13 Judge Isicoff Miami Dade order stated "the Court finds that the Lump Sum Payment is a dischargeable obligation in this Chapter 13 case." 11 U.S. Code § 1323 - Modification of plan before confirmation(a)The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of <u>section 1322.</u>

On February 4, 2016 Debtor filed Supplemental Motion to Vacate Dismissal case 15-18660. Judge Ray has refused to schedule hearing for pending motions even though all 3 Appellate Judges ordered Bankruptcy FURTHER PROCEEDINGS. Debtor has not had hearing since Jan 14 in which she could PROVE to Bankruptcy Court that case should not have been dismissed for a NON CONFIRMABLE PLAN. DEBTOR IS CAPABLE OF FILING CONFIRMABLE PLAN. There had not been 14 plans because there was no 7th and 12th is same as 13th. Dismissal was SOLELY BASED ON INCORRECT STATEMENTS BY DAVID LANGLEY, other parties Attorney. Debtor did not get to present her DOCUMENTS showing that origination of debt and that ACCOUNT, equitably divided from Final Judgment cannot be offset as the RETIREMENT ACCOUNT IS AN EXEMPT ASSET. The debt owed to Joel Wall in Schedule E &Schedule F was ordered in Magistrate's Report which is Final Judgement of July 2011 &Affirmed by 4DCA in Opinion on April 10, 2013. Voya account was equitably divided from Magistrate's Report, affirmed by 4DCA on March 26, 2015 before Amendments to Final Judgement was signed. Debtor filed LF67 July 8, 2015 certifying that she is paying all PRIORITY Domestic Support Obligation in the lastest Chapter 13 plan.

On January 12, 2016 Debtor filed Adversary Proceeding 16-1401 to Determine Dischargeability (Pre-trial Conference was set for March 8, 2016). Debtor's Motion for

Continuance of Pre-trial Conference since pre-trial disclosure must be made 30 day prior to pre-trial conference, pre-trial meeting held &pre-trial stipulations written) was set to be heard February 11, 2016 but Bankruptcy Judge Dismissed Adversary Proceeding.  6. Motion for Sanctions DE 153

January 15, 2016 Debtor filed Notice of Late Filing of Paper pursuant to Local Rule 5005-1(F)(2) for Proof of Claim (Rule 3004 states "If creditor does not timely file Proof of Claim under Rule 3002 (c) , the debtor may file Proof of Claim within 30 days after expiration of time filing claims prescribed by Rule 3002 (a). Debtor filed Proof of Claim Sept 15, 2015 and Amended Proof of Claim 3-2 November 5, 2015. Proof of Claim was stricken on January 12, 2016. Debtor filed proof of claim for Domestic Support Obligation owed and unsecured claim pending the adversary proceeding to determine dischargeability. Debtor filed Amended Chapter 13 plan including DSO by 5pm January 15, 2016. Debtor has checks from trustee to give back and make plan payments for rest of commitment period.

JUDGE'S DECISION TO DISMISS CASE WITHOUT EVIDENTIARY HEARING. Judge Ray did not use evidence in bankruptcy case presented on November 3, 2015, when he dismissed case for Non Confirmable Plan. There were no confirmation hearings in November or in December as they were continued. Debtor believes there is an Abuse of Discretion on part of Judge Ray in not having an evidentiary hearing with the documents Debtor NEEDED TO PRESENT TO JUDGE in order to show Judge that the case should not have been dismissed. Debtor believes that Judge Ray DISMISSED bankruptcy case because she was not at the microphone as she was telling the Trustee Robin Weiner that she needed to pay the Domestic Support Obligation to Creditor Joel Wall regardless of whether the Proof of Claim was withdrawn by creditor. Abuse of discretion can occur if (1) the court fails to 'actually ... exercise discretion, deciding instead as if by general rule or <u>even arbitrarily</u>;' (2) the court fails to take relevant facts 'constraining its

exercise' of discretion into account; or (3) its decision is based on <u>erroneous conclusions</u> of law or fact. or the misapplication of the law to the facts, *see, e.g., In re Gioioso*, 979 F.2d 956, 959 (3d Cir. 1992); *Charles v. Carey*, 627 F.2d 772, 776 (7th Cir. 1980); *Clemons v. Board of Educ.*, 228 F.2d 853, 857 (6th Cir. 1956); *see Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384 (1990) (trial court abuses its discretion where its ruling is based "on an erroneous view of law or on a clearly erroneous assessment of the evidence."); *In re Red Carpet Corp.*, 902 F.2d 883, 890 (11th Cir. 1990) ("Abuse of discretion occurs if the judge fails to apply the proper legal standard or to follow proper procedures in making the determination."); *In re Smith*, 180 B.R. 648, 651 n.12 (D. Utah 1995) (trial court abuses its discretion when "(1) its decision is based on <u>erroneous conclusions</u> of law, (2) its factual findings are clearly erroneous, or (3) when the record contains no evidence to support the judge's conclusions"). *Wheeler v. Sims*, 951 F.2d 796, 802 (7th Cir.), *cert. denied*, 113 S. Ct. 320 (1994)

13. The DOCKET and record show that there was no evidence on which Judge Ray rationally could have based his Dismissal. The Debtor had always made necessary corrections to Chapter 13 plan and was paying $4076.21 Domestic Support Obligation in her 10th-13th Amended plans and her 15th-17th Amended plans. Debtor does not believe that Judge Ray understood the issue of the Voya account. Rather than scheduling an evidentiary hearing, he dismissed the case. "[T]he abuse of discretion standard is met only when the trial judge's decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based that decision, or where the supposed facts found are clearly erroneous."; *Zolfo, Cooper & Co. v. Sunbeam-Oster Co., Inc.*, 50 F.3d 253, 257 (3d Cir. 1995) (Abuse of discretion occurs when a "judge fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous."

14. APPLICABLE Rule 1017-2. Dismissal of a Case. (A) Failure to File Required Papers. (1) After Service of Notice of Deficiency. The court may dismiss a voluntary case under any chapter without further notice or hearing for failure by the debtor to file required schedules, statements or lists or other documents, &may dismiss a chapter 13 case for failure to file a chapter 13 plan, upon determination that: (a) Notice of the deficiency & a warning that case will be subject to dismissal without further notice has been provided to the debtor prior to the expiration of the deadline for filing; & (b) Debtor has failed to file the required papers by the deadline &no timely filed request for an extension of time is pending before the court.

15. If the parties are not able to reach agreement, the court may be able to determine some issues after hearing each party's concerns and considering the law. The court may continue CONFIRMATION to allow you to finish dealing with matters affecting confirmation, have more time to work out agreements with your creditors, or amend your plan to correct errors or resolve objections. Judge Ray dismissed case, instead of allowing me to file an amended plan by 5pm. No effort had been expended in trying to work out an agreement between the parties. There was little contact with creditor Attorney for because he told Debtor not to contact him.

16. Debtor was not able to state her position at the Confirmation hearing on January 14, 2016 that the Voya account was enforced using balance on August 31, 2009 from Final Judgment& therefore could not be offset by a QDRO.

17. With other issues, the court may require that evidence, in the form of testimony, documents, or affidavits be presented. Debtor believes that Judge Ray should have scheduled an evidentiary hearing about the Voya account since there was evidence that needed to be presented by Debtor. Judge Ray did not allow her to show the documents that Attorney for Joel Wall never mentioned at Confirmation hearing January 14, 2016. Attorney kept telling Judge about offset, but did not mention to Judge Ray that Voya account was an exempt asset in Debtor's name

before Amendments to Final Judgment was ordered. Attorney did not present Magistrate's Report Final Judgment of July 2011, affirmed by 4DCA in April 2013. Attorney was not telling Judge Ray the WHOLE ISSUE or WHOLE TRUTH just his version. Debtor would have preferred an evidentiary hearing rather than having her case dismissed.

18. Most of Debtor's confirmation hearings were continued. It is not unusual for Chapter 13 confirmation hearings to be continued more than once as long as court is convinced that you are using time to resolve problems, not to delay the process.

19. Various court orders by a bankruptcy court, including equitable determinations, e.g., dismissal of a case or whether to grant leave to amend a proof of claim, are reviewed for <u>abuse of discretion</u>. However, where the decision of the judge is determinative of a substantive right of a party, i.e., whether to dismiss a bankruptcy case, <u>reviewing court is likely to give little or no deference to the trial judge's decision</u>. When reviewing discretionary determinations affecting substantive rights of a party, the court's role in reviewing "discretionary" decisions is appropriate only in merely procedural decisions.

20. Creditor Joel Wall filed Motion to Dismiss in October 2015. Creditor's Attorney called and changed the hearing to Friday October 2015. Debtor did not receive it in mail until October 2015. Judge had to schedule an evidentiary hearing on November 3, 2015. After an evidentiary hearing Judge Denied Motion to Dismiss because property settlement debt is dischargeable in chapter 13 bankruptcy (11 US Code 1328). At end of hearing Creditor Joel Wall's attorney stated they would be withdrawing Proof of Claim. Judge Ray stated that you can withdraw Proof of Claim, but Debtor will continue to make payments & upon completion of the plan, will receive a discharge. Party in Interest chose not to be paid in 14th Amended plan so David Langley should not have suggested to Judge Ray that the trustee pay Debtor $1000 so she could pay IRS because the Debtor had many debts to be DISCHARGED ON SCHEDULE F.

21. The 13th amended plan was paying $4076.21 to PRIORITY CREDITOR JOEL WALL and $3132 TO UNSECURED CREDITOR JOEL WALL. Debtor called Trustee on Wed Jan 15, 2016 for the notes on 13th amended plan. When Debtor filed 14th Amended plan she took Creditor Joel Wall out of plan, but during confirmation hearing on Jan 14, 2016 Debtor stated that she wanted to file amended Proof of claim to pay Domestic Support Obligation required by Local Form 67. IF PLAN IS UNCONFIRMABLE, DEBTOR HAS TIL FRIDAY 5PM TO SUBMIT AN Amended CHAPTER 13 PLAN.

22. The 10th-13th Amended plan showed PRIORITY CREDITOR JOEL WALL WAS BEING PAID $4076.21 and $3132 was being paid to unsecured creditors, which Joel Wall was the only one. Joel Wall would have received $7208. Debtor filed 14th Amended plan as a COURTESY on Jan 14, 2016. Debtor took out PRIORITY CREDITOR Joel Wall after Proof of Claim 3-1 & Amended Proof of Claim 3-2 was stricken. Debtor was in process of preparing Motion to vacate the Order Striking Joel Wall's Proof of Claim &Dismissal order in 14 days.

23. REASONS WHY DEBTOR'S CHAPTER 13 PLAN SHOULD HAVE BEEN CONTINUED TO NEXT MONTH AND CASE NOT DISMISSED. Debtor should have had opportunity to amend Chapter 13 plan by 5pm on Friday January 15, 2016 after January 14, 2016 confirmation hearing. Pursuant to §1323. Modification of plan before confirmation.(a) The debtor may modify the plan at any time before confirmation, but may not modify the plan so that the plan as modified fails to meet the requirements of section 1322.

24. The court relies on the Chapter 13 trustee to perform the case analysis and bring to the court's attention any defects in your plan and your calculations. No objections were filed by Trustee except for Schedule C exemptions which Debtor quickly corrected. Debtor was paying creditors by classification (unsecured &priority) at least as much as is required by the bankruptcy laws. Below is Verification that DEBTOR,

Paula Kunsman pro se was always taking Trustee's recommendations on Debtor's Chapter 13 plans, Amended Schedules. Below are the dates and items that Debtor amended/paid $30 to amend during the case:

a. 5/12/2015 Debtor filed Chapter 13 Plan paying priority $432.27 to Joel Wall, Schedules A to J($634 check to Joel Wall owed as Priority), Statement of Financial Affairs($634 owed as priority to Joel Wall), Calculation of Disposable Income, Statement of Your Current Monthly Income &Calculation of Commitment Period

b. FORM B91 bottom of 2nd page States DISCHARGE OF DEBTS: "If you believe that the debtor is not entitled to receive a discharge under Bankruptcy Code 727(a) or that a debt owed to you is not dischargeable under Bankruptcy Code 523(a)(2),(4) or (6), you must start a lawsuit by filing complaint or file a motion if you assert the discharge should be denied under 726(a)(8) or (a)(9) by the <u>DEADLINE TO OBJECT TO DEBTOR'S DISCHARGE OR TO CHALLENGE DISCHARGEABILITY OF CERTAIN DEBTS</u> listed on front side of this form. No objection to discharge has been filed by creditor Joel Wall.

c. 5/29/2015 Debtor filed 1st Amended Plan(other provisions Jon Wall owed $,paying $55/mo for 36 mo to Joel Wall).

d. 5/29/2015 Debtor filed CLAIM OF EXEMPTION CLAIMING her alimony, unemployment compensation, the Hartford Director M Annuity, her PREMARITAL IRA and the VOYA ACCOUNT 457 Deferred Compensation Plan from Former Husband's City of Hollywood as EXEMPT FROM SEIZURE BY FORMER HUSBAND to offset $22841 debt & request for hearing&hearing on Claim of Exemption was never scheduled by Bankruptcy court.

e. 6/16/2015 Debtor paid $30 to Amend Schedules A (added $30,000 lien on residence),B(added VIN# of vehicle),C,F, I,J Statement of Financial Affairs($634 owed as priority to Joel Wall). DE 20

f. 7/7/2015 Debtor filed 2nd Amended Plan (paying $59.25 mo 9-36 to Joel Wall). 7/8/2015 Debtor filed Amended Schedule B(changed value of vehicle with documentation to trustee),typed C(value of residence,value of vehicle)

g. 7/8/2015 Debtor filed LOCAL FOM 67 Certificate of Compliance that she is paying Domestic Support Obligation in bankruptcy &REQUEST FOR CONFIRMATION of Chapter 13 Plan. 7/27/2015 Debtor filed Amended written Sch C (checking bal at time schedules were prepared April 28, 2015, state exemptions)

h. 8/11/2015 Debtor filed 3rd Amended Plan (paying $65.90 mo 5-36 to Joel Wall). 8/11/2015 Debtor paid $30 to file amended Sch B(removed extra explanation at bottom of pg),C(checking balance at time schedules were prepared April 28, 2015, removed explanation at bottom of pg),D($0 owed),A (explaining $30,000 lien on residence). 8/13/2015 Debtor filed Amended Schedule B

i. 8/17/2015 Order Determining Debtor's Compliance with Filing Requirements. Deadline for Creditor to contest is 21 days. The trustee filed "The information required by 11 U.S.C. §521(a)(1) as provided by debtor is <u>complete to satisfaction of the trustee</u>. No creditor or other party in interest has filed a request for an order of dismissal pursuant to 11 U.S.C. §521(i)(2)&trustee does not believe that this case is subject to automatic dismissal pursuant to 11 U.S.C. §521(i)". <u>Stating that the case is not subject to automatic dismissal under 11 U.S.C. §521(i)(1) or (2)</u>. If any creditor or party in interest has any reason to contest the court's finding that the debtor has filed all information required by 11 U.S.C. §521(a)(1), that party shall file an objection to the order not later than 21 days from the date of entry of the order, and serve such objection on the trustee, the U.S. Trustee, the debtor&debtor's attorney, if any. The objection should specifically identify information&document(s) required by 11 U.S.C. §521(a)(1), that the debtor has failed to file. (iii) Each creditor or other party in interest served with order who

does not file an objection within 21 day deadline set forth above, has waived right to file a motion to dismiss this bankruptcy case for debtor's failure to comply with 11 U.S.C. §521(a)(1).

j. 8/24/2015 Debtor filed Notice of RIGHT AGAINST SEIZURE OF DEBTOR'S EXEMPT PROPERTY, never heard by Judge Ray. 8/25/2015 Continued Confirmation by Trustee. 8/31/2015 No Motion for Relief from Stay filed by Joel Wall.

k. 9/1/2015 Debtor paid $30 and filed Amended Schedules E($432 owed as priority $22409.57 unsecured to Joel Wall),Schedule F (unsecured debt $22,601.75) additions to Creditor Matrix,Deletions from Creditor Matrix. 9/1/2015 Debtor filed 5th Amended Plan (added priority creditor IRS $502, paying $65.90 mo 5-36,other provisions).

l. 9/4/2015 Debtor filed 6th Amended Plan (paying $65.90 mo 5-36, other provisions). 9/15/2015 Notice to Continued Confirmation hearing filed by Trustee

m. 9/15/2015 Debtor filed 8th Amended Plan(THERE WAS no 7th amended plan filed,paying $101.66 mo 6-36, paying $3132 to unsecured Joel Wall, other provisions explaining lower income than date of filing May 12, 2015)). 9/15/2015 Debtor paid $30 and filed Amended Schedules B(changed $2036.44 in checking on May 12, 2015),Schedule C(correct checking balance), Schedule F(unsecured debt $192.79), Schedule I  (income $2350),Schedule J. 10/2/2015 Creditor Joel Wall filed Motion to Dismiss.

n. 10/8/2015 Debtor paid $30& filed Amended Schedule E($4076.21 owed as priority to Joel Wall),F($20,117.96 unsecured debt). 10/21/2015 Notice of Continued Confirmation hearing filed by Trustee. 10/21/2015 Debtor filed 9th Amended Plan (paying $101.66 mo 7-36,paying $3132 unsecured Joel Wall, other provisions)

o. 11/3/2015 Judge Ray DENIED Motion to Dismiss (D.E.#81) THAT WAS PRESENTED and DENIED AT THE ONE HOUR EVIDIENTIARY HEARING ON NOVEMBER 3, 2015. Debtor was sworn in and was CROSS EXAMINED at the evidentiary hearing. JUDGE RAY DETERMINED THAT THE DEBT IS DISCHARGEABLE IN DEBTOR'S A CHAPTER 13 PLAN. JUDGE RAY issues Order Denying Motion to Dismiss on Nov 4, 2015. denied Motion to Dismiss after One hour evidentiary hearing

p. 11/5/2015 Debtor filed 10th Amended Plan (paying $162.22 mo 8-36,$4076.21 priority to Joel Wall,other provisions,under paid IRS by 2 cents).11/5/2015 Debtor mailed Amended Schedule A, Schedule E ($4076.21 owed as priority to Joel Wall) Statement of Financial Affairs.11/9/2015 Debtor mailed Amended Schedule D(Trustee told Debtor to remove explanation of $30,000 lien, Debtor removed explanation of $30,000 lien).11/18/2015 Debtor filed 11th Amended Plan (paying $4076.21 priority to Joel Wall, paying $3132 unsecured Joel Wall, paying $266.18 mo 7-36, other provisions, under paid IRS by 2 cents).
12/2015 Debtor mailed 12th Amended Plan, realized Joel Wall's name was not listed on priority #2. 12/17/2015 Debtor drove to courthouse next day before Clerk's office had received 12th Amended Plan, filed 13th Amended Plan (paying $4076.21 priority to Joel Wall,$3132 unsecured to Joel Wall, paying $266.18 mo 7-36,other provisions, under paid IRS by 2 cents)

q. 1/12/2016 A hearing in which PRIORITY& UNSECURED CREDITOR JOEL WALL was able to convince Judge that Amended Proof of Claim 3-2 should be stricken. Hearing on Striking Creditor Joel Wall's Proof of Claim and Subpeona. Judge grants Motion to strike Creditor Joel Wall's Proof of Claim 3-2.

r. 1/12/2016 Debtor filed 14th Amended Plan excluding PRIORITY AND UNSECURED CREDITOR Joel Wall, trustee did not verify its confirmability until at hearing on January 14, 2015. (paying $503 priority to IRS, Debtor told Trustee that she had

forgotten to write in other provisions, under paid IRS by 2 cents) Debtor had called Trustee about notes on confirmation of 13th Amended plan.

s. 1/14/2016 Confirmation hearing Debtor filed Debtor filed Adversary Proceeding 16-1041 to Determine Dischargeability of Debt for creditor Joel Wall upon leaving the Confirmation hearing. Debtor's confirmation hearing on January 14, 2016 was not conducted properly. 11 US Code 1324. Confirmation hearing -(a) Except as provided in subsection (b) and after notice, the court shall hold a hearing on confirmation of the plan. A party in interest may object to confirmation of the plan. An objection to confirmation is predicated on <u>failure of the plan</u>. TRUSTEE SHOULD HAVE ASKED JUDGE TO CONTINUE HEARING or ALLOW ME TO SUBMIT CHAPTER 13 PLAN BY FRIDAY 5pm.

t. 1/15/2016 Debtor 15th Amended Plan by 5pm Friday (paying $4076.21 priority to Joel Wall, other provisions, under paid IRS by 2 cents) Debtor did not realize that IRA amount was 2 cents off. Debtor quickly corrected 2 cents. Form B91 states "THE court will not consider an objection at confirmation hearing (Jan 14, 2016) unless it was raised orally or in writing at or before meeting of creditors. Written objections must be filed&served on standing Chapter 13 Trustee &all parties of record at or before the meeting."

u. 1/16/2016 Debtor filed Notice of Late Filing Paper for Proof of Claim $4076.21 Priority to Joel Wall. 1/16/2016 Debtor filed 16th Amended Plan (paying $4076.21 priority to Joel Wall, paying $143.22 mo 9-36,other provisions, corrected IRS paying more than owed). 1/16/2016 Debtor filed Motion to Reinstate Bankruptcy case,Motion for Sanctions. Debtor filed 17th Amended plan.

25. Debtor could have modified plan as stated in other provisions after confirmation of the Chapter 13 plan pursuant to 11 US Code 1329.

26. Debtor should have been allowed to covert bankruptcy to Chapter 7 rather than dismissing case pursuant to §1307. Conversion or dismissal (of Bankruptcy Case) DEBTOR WAS ELIGIBLE FOR CONVERSION TO CHAPTER 7, INSTEAD OF DISMISSAL. SENATE REPORT NO. 95–989 STATES Subsections (a) and (b) confirm, without qualification, the rights of a chapter 13 debtor to convert the case to a liquidating bankruptcy case under chapter 7 of title 11, at any time, or to have the chapter 13 case dismissed. Waiver of any such right is unenforceable. Subsection (c) specifies various conditions for the exercise of the power of the court to convert a chapter 13 case to one under chapter 7 or to dismiss the case. No case is to be converted from chapter 13 to any other chapter, unless the debtor is an eligible debtor under the new chapter. If the court does not feel that Debtor can propose a plan which meets the requirements of the law, the court can dismiss your case or convert it to a Chapter 7. (c) Except as provided in subsection (f) of this section, on request of a party in interest or United States trustee&after notice&hearing, the court <u>may convert a case under this chapter to a case under chapter 7</u>, or may dismiss a case, whichever is in best interests of creditors&the estate, for cause, including-(1) unreasonable delay by debtor that is prejudicial to creditors <u>Debtor did not unreasonably delay bankruptcy</u>;(2) nonpayment of any fees&charges required <u>Debtor paid all filing fees &for 2 counseling classes</u>;(3) failure to file a plan timely; <u>Debtor filed timely plans&corrected them during the month, if there was something that was not correct</u>;(4) failure to commence making timely payments; <u>Debtor had paid all payments under the Chapter 13 plan</u>;(5) denial of confirmation of a plan under section 1325 &denial of a request made for additional time for filing another plan or a modification of a plan <u>Debtor was denied confirmation but Judge Ray did not allow Debtor to request additional time for filing another plan or modifying the plan.</u>;(6) material default by debtor

with respect to a term of a confirmed plan <u>There was not default on term of plan</u>;(7) revocation of the order of confirmation under section 1330, &denial of confirmation of a modified plan <u>No revocation of confirmation order</u> under section 1329;(8) termination of a confirmed plan by reason of occurrence of a condition specified in plan other than completion of payments under the plan <u>The plan was not terminated</u>; (9) only on request of United States trustee, failure of debtor to file, within 15 days, or such additional time as court may allow, after the filing of petition commencing such case, the information required; (10) only on request of United States trustee, failure to timely file information required by paragraph (2) of section 521(a); <u>Trustee filed Certificate of Compliance for Debtor</u> or (11) failure of debtor to pay any domestic support obligation that first becomes payable after the date of the filing of the petition. 28. DEBTOR REQUESTS THAT BANKRUPTCY COURT BE ORDERED TO REVIEW THE DEBTOR'S AMENDED PLAN so see that Chapter 13 plan complies with the law, which sets forth rules about which debts must be paid in full and which debts get priority over others. Debtor's Chapter 13 plan met all of the requirements listed below. Debtor seeks a discharge of unsecured debt owed to Creditor Joel Wall and seeks to pay the Priority CLAIM of $4076.21 Domestic Support Obligation. Schedule I and J show Debtor is using all of your disposable income (as calculated Chapter 13 Calculation of Your Disposable Income (122C-2) to fund plan. The length of Debtor's plan must be appropriate for your situation (3 or 5 years as determined by bankruptcy laws). After conducting Confirmation hearing, the court is required to confirm a Chapter 13 debtor's proposed plan if it meets all the criteria for confirmation listed in section 1325(a), except as provided in section 1325(b). SENATE REPORT NO. 95–989 STATES The bankruptcy court must confirm a plan if (1) the plan satisfies the provisions of chapter 13 and other

applicable provisions of title 11; (2) it is proposed in good faith; (3) it is in the best interests of creditors, (5) the plan is feasible; and (6) the requisite fees and charges have been paid.

## CERTIFICATE OF SERVICE

I, Paula Kunsman, hereby certifies that a true, correct copy of this motion was emailed to Joel Wall 1750 SW 51 Terr Plantation, FL 33317 (954)581-6931 and David Langley on this 1st day of June 2016.

_/s/ Paula Kunsman_

Paula Kunsman, 20 S.E. 7 St. Pompano Beach, FL 33060